

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN                                    AUSTIN 11, TEXAS
XXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL


Honorable Lee Brady, Commissioner
State Department of Banking
Austin, Texas

Dear Mr. Brady:                         Opinion No. O-2691
                                        Re: Corporate power of Del Rio
                                            Bank and Trust Company to
                                            acquire certain property
                                            as a banking house.

        We have your request of August 30th, 1940, asking for an opinion of
this department with respect to the corporate power of the Del Rio Bank and
Trust Company of Del Rio, Texas to acquire certain property as a banking
house.

        Article 512 of the Revised Civil Statutes pertinent to your inquiry
is as follows:

"No State bank or bank and trust company shall invest more than fifty
per cent of the capital stock and permanent surplus in its banking house,
nor more than fifteen per cent of its capital stock and permanent sur-
plus in the furniture and fixtures to be used in its said banking house,
unless said corporation shall have first applied to the State Banking
Board and received written permission to make a larger investment than
is allowed hereunder, which written permission shall be entered upon the
minutes of a regular meeting of said banking corporation."

        It will be seen the only limitation of the statute upon the amount
to be invested by a State bank in its banking house shall not be "more than
fifty per cent of its capital stock and permanent surplus" of the bank. We
understand from yo r letter that the proposed purchase does not exceed this
amount.

        Of course a bank may not speculate in real estate. It is no part
of its corporate purpose. It may acquire directly such real estate as may
be reasonably necessary in conducting its banking affairs, but no more.
It may acquire real estate, however, not at all necessary in the transac-
tion of its business, when such acquisition is made in the process of col-
lecting debts due to it or in other words when such acquisition is inciden-
tal merely to a transaction of its major corporate business -- that of
banking. (See Articel 415, Revised Civil Statutes.)

        Such an institution, however, is expressly, or at least by necessary
implication, authorized to acquire real estate for its banking house purposes.

If the property is being purchased by the bank for the good faith purpose of a banking house, the law isnot concerned with the character of the building, its structural peculiarities, the number of stories, the number of separate rooms or offices, and the like; these are matters for the sound business discretion of the Board of Directors. It would be difficult to find a building which had not been built to specifications for a bank that would in all respects be exactly fitted to the demands of a bank purchasing the same. Indeed, it might be difficult to construct a building to specifications suited only to the present needs but to the future needs of a bank undertaking to construct its own banking house. In the present case, surplus rooms, stories, offices and the like, it appears, may be profitably rented by the bank. We cannot close our eyes to the fact that in many instances -- perhaps in most instances -- our better banks occupy their own buildings consisting of several, sometimes many stories, and much, if not most of the floor space is not actually used by the bank in conducting its banking business but is rented out. There can be no valid objection to this if the major good faith purpose of the acquisition or construction of the building be to provide a banking house for the institution.

Under the facts detailed by the bank in its letter which accompanies your request, it is the opinion of this department that the bank does have the corporate power to purchase the building as it proposes to dowithout violating in any manner Article 512 of our statutes or any other statute or decision regulating such matters.

It would be advisable however for the Banking Commission to approve the contract under Article 512 of the Statutes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By
/s/ Ocie Speer

Ocie Speer
Assistant

OS:db:egw

APPROVED SEP 4, 1940
/s/ GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

APPROVED
Opinion Committee
By B W B
Chairman